Abbott vs. Daniel.

---

CASE 36—PETITION ORDINARY—FEBRUARY 5.

# Abbott vs. Daniel.

### APPEAL FROM ESTILL CIRCUIT COURT.

That the bond of special bail stipulates that the defendant "will render himself amenable to *the court* thereupon"—the words "process of" being omitted—does not make the bond invalid. In substance and import it is sufficient.

Abbott vs. Daniel.

To fix the liability of special bail it is necessary that there should be a valid execution against the body of the defendant, upon the judgment, that it should be placed in the hands of the officer within the time prescribed, and that it shall be returned not found. (*Civil Code, sections* 195, 198.) No other test of legal diligence will suffice. A failure to comply with either of these essential conditions will exonerate the bail.

Where, in such case, the execution against the body of the defendant was "to satisfy and *pay the Commonwealth of Kentucky* the sum of," &c., "which was late in our said court adjudged against him for debt in favor of J. B. A.," it is insufficient to fix the liability of the bail. It should be to pay and satisfy the plaintiff in the judgment.

The liability of the bail, when fixed in the mode prescribed by *section* 198 *of Civil Code,* is to pay the amount of the judgment and costs, without regard to the solvency or insolvency of the principal.

RIDDELL and HUSTON, for appellant, cited *Civil Code, sections* 190, 198, 200, 201 ; 7 *Mon.*, 130 ; 1 *J. J. Mar.*, 35 ; *Litt. Sel. Cases,* 450 ; 4 *Bibb,* 332.

S. M. BARNES, for appellee, cited *Rev. Statutes, chap.* 91, *sec.* 14 ; *Civil Code, sec.* 190 ; 1 *Met.*, 389 ; *Litt. Sel. Cases,* 449 ; 2 *Marsh.*, 63 ; 4 *Bibb,* 505 ; 3 *J. J. Mar.*, 613 ; 5 *Litt.*, 208 ; *Civil Code, sections* 198, 195 ; 1 *Rev. Stat.*, 474 ; 1 *Burrill's Law Dic.*, 245, 246 ; 3 *Black. Commentaries,* 414, 415 ; 3 *Ib.*, 398 ; 8 *Grattan,* 702.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT :

Abbott brought this action against Daniel on a bond executed by Daniel as the special bail of one McMonigle, against whom an order of arrest had been sued out by Abbott.

Daniel, in his answer, relied upon three several *grounds of* defense, upon some one or more of which the court below dismissed the plaintiff's action, and he has appealed.

1. The law provides the mode in which a defendant may give bail. "It shall be done by causing one or more sufficient bail to execute a bond to the plaintiff, in the presence of the sheriff, or of the jailer where the defendant has been committed to jail, to the effect that, if judgment shall be rendered in the action against the defendant he will render himself amenable to the *process* of the court thereupon." (*Civil Code, section* 190.)

The bond sued on conforms literally to this requirement, except in a single particular : It stipulates that the defendant

"will render himself amenable to *the court* thereupon"—the words "process of" being omitted, and this omission, it is insisted, is fatal to the validity of the bond.

We think not. The variance between the bond as given, and that required by the statute, is merely verbal. In substance and import they are the same. The stipulation that the party will render himself amenable to the *court*, upon a judgment, is neither more comprehensive nor more onerous in its legal effect or literal import than the stipulation to render himself amenable to the *process* of the court upon such judgment. In the enforcement of a judgment, whether by means of a writ of execution, or by rules and attachments, the court must act through its process. And therefore a party agreeing to render himself amenable to the court binds himself to do nothing more than to render himself amenable to the process of the court. The case is not within the principle settled in the case of the *Lexington and Danville Railroad Co. vs. Barbee*, (1 *Met. Ky. Rep.*, 389,) nor within the provision of the Revised Statutes which prohibits the taking, by an officer, of bonds otherwise than such as are specially directed by law. (2 *Rev. Stat.*, 342.)

2. The next objection to the validity of the proceeding is more formidable.

Under *section 195 of the Code*, the plaintiff had a right to require an execution on his judgment, to issue against the body of the defendant, McMonigle. And by *section 198* "a return of 'not found' upon an execution against the body of the defendant, placed in the hands of the sheriff of the county in which he was arrested within twenty days after it might have issued upon the judgment, *shall be necessary to fix the liability of the bail*, which shall be to pay the amount of the judgment and costs."

It necessarily follows that no other test of legal diligence will suffice to fix the liability of the bail. The law is imperative, and renders it indispensable that there should be a valid execution against the body of the defendant, upon the judgment, that it should be placed in the hands of the officer within the time prescribed, and that it shall be returned not found.

Abbott vs. Daniel.

A failure to comply with all; or with either of these essential conditions must, undoubtedly, operate to exonerate the bail.

In this case there appears to have been no valid execution against the body of the defendant on the judgment which had been rendered in favor of the plaintiff.

By the writ which was issued, and which was no doubt intended as a compliance with the statutory provisions on this subject, the sheriff was commanded to take the body of the defendant, McMonigle, and have his body before the judge of the Estill circuit court, &c., "to satisfy and *pay the Commonwealth of Kentucky* the sum of $125 with interest," &c., "which was late in our said court adjudged against him for debt in favor of John B. Abbott," &c.

The insufficiency of this process is too obvious to require comment. The sheriff is commanded to take the body of the defendant and him safely keep, to pay and satisfy, not the plaintiff in the judgment, the debt, interest, and costs which it awarded him, but to pay and satisfy the *Commonwealth of Kentucky*. It utterly fails to pursue or conform to the judgment. The defendant, if he had been taken into custody under this writ, might have obtained his release by a motion to quash, or other appropriate proceeding; and it is very questionable whether a payment of the amount of the judgment to the sheriff upon this writ would have operated to discharge the defendant from the judgment, and it is still more doubtful whether the sheriff would have been allowed to "satisfy and pay" to the plaintiff a debt which he was commanded expressly to satisfy and pay to the Commonwealth. But, be this as it may, it is evident, as before stated, that the plaintiff wholly failed to sue out a valid writ of execution against the body of the defendant within the time prescribed, and upon this ground the action against the appellee was properly dismissed.

3. The third ground of defense relied upon was the insolvency of the defendant, McMonigle. The demurrer to this paragraph of the answer was properly sustained. The liability of the bail, when fixed in the mode prescribed by *section*

198, *supra*, "shall be to pay the amount of the judgment and costs"—without regard to the solvency or insolvency of the principal.

The judgment is affirmed.